

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00241-CR

———————————————

ISREAL SANTIAGO, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from Criminal District Court No. 2
Tarrant County, Texas
Trial Court No. 1650653

---

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

A jury found Appellant Isreal Santiago guilty of sexual assault of a child, a second-degree felony. *See* Tex. Penal Code Ann. § 22.011(a)(2), (f). After he pleaded true to a repeat-offender notice alleging his prior conviction for murder, the jury assessed his sentence at confinement for life. *See id.* § 12.42(b).

Santiago's appointed appellate counsel has filed a motion to withdraw as counsel and a supporting brief under *Anders v. California*,[1] representing that he has reviewed the appellate record and had been "unable to identify any legally non-frivolous grounds for appeal." Counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding). Counsel has also complied with the requirements of *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014).

Santiago had the opportunity to file a pro se response but has not done so.[2] The State did not file a response but noted in a letter to this court that it agreed with appointed counsel's determination that there were no meritorious grounds for appeal.

---

[1]386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967).

[2]On March 27, 2025, this court received a letter from Santiago, requesting access to the record. We ordered the trial court clerk to make the record available to Santiago by April 21, 2025, and we informed Santiago that his pro se response had to be filed on or before June 16, 2025, and that if he failed to file his pro se response by that deadline, the court would assume that he did not intend to file one.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, we must independently examine the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief. Except for a minor correction to the bill of costs, addressed below, we agree with counsel that the appeal is frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

The judgment contains the trial court's special finding that Santiago's reimbursement fees of $185 are "to be credited for time served." *See* Tex. Code Crim. Proc. Ann. art. 43.09; *see also id.* art. 43.015(3) (explaining that "cost" in a judgment "includes any fee, including a reimbursement fee, imposed on a defendant by the court"). Contrary to the judgment's special finding, the bill of costs shows that Santiago owes $185 for reimbursement fees. *See id.* art. 43.09. We correct the bill of costs to match the judgment, *see Bray v. State*, 179 S.W.3d 725, 730 (Tex. App.—Fort

---

Santiago filed no response within the deadline. On July 9, 2025, this court informed the State that its response would be due on August 8, 2025. Two days before the State's deadline, we received Santiago's request for an extension of time, which he dated July 30, 2025, and in which he gave no explanation for his inability to meet the June 16, 2025 deadline. *See* Tex. R. App. P. 10.5(b)(1), 38.6(d). Accordingly, we have treated his late-filed motion as a failure to respond.

Worth 2005, no pet.) (en banc), grant counsel's motion to withdraw, and affirm the trial court's judgment.

/s/ Wade Birdwell

Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 28, 2025